IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Fadhil A. Hussein, M.D., et al.,                                    Case No. 3:07CV1715

                Plaintiff

      v.                                                                     ORDER

City of Perrysburg, et al.,

                Defendant

Pending are several motions to strike portions of three affidavits submitted by defendants Klag and Thielen's in support of their motion for summary judgment. [Docs. 70, 71, 72]. For the reasons that follow, the motions shall be denied.

1. Klag Affidavit [Doc. 70] and Thielen Affidavit [Doc. 71]: References to Legal Requirements.

Plaintiff moves to strike statements by defendants Klag and Thielen that circumstances at plaintiffs' property were not in compliance with specified City and State requirements. Specifically with regard to the Thielen affidavit, the challenged assertions encompass:

- whether  homes are subject to sidewalk requirements;

- applicability of and compliance with the floodplain ordinance;

- whether plaintiffs complied with ODOT regulations;

- Perrysburg's authority to issue a stop work order and whether the order was withdrawn;

- the authority of Perrysburg's engineering technician.

The plaintiffs do not contest the accuracy of some of the contentions regarding their noncompliance with requirements of the City Code and state regulations. They do not claim, for example, that work was not done on their behalf regarding the drainage of the floodplain and delivery of fill dirt that altered, to some extent, the grade level in that area. Nor do they claim that they were in compliance with the state-mandated requirement relating to their driveway or the applicability of the City's sidewalk requirement.

To be sure, plaintiffs claim that the manner and extent to which the defendants sought to enforce those requirements violated their constitutional rights to equal protection and due process. That dispute does not call into question the application of the Code and regulations or plaintiffs' noncompliance [or that of their agent, developer/contractor Hafner][1] with those requirements.

Thus, even if the motion to strike the putative legal conclusions were granted, such ruling would not affect the record as to plaintiffs' noncompliance with what the law requires. The record now before me makes clear that there is no material dispute of fact between the parties as to plaintiffs' failure to comply with legal requirements relating to alteration of drainage [or efforts to alter drainage], install the state-mandated culvert beneath or adjacent to their driveway, and install a sidewalk. Thus, even if I struck those assertions from Thielen's affidavit, the record shows that those violations existed with regard to plaintiffs' property.

_____

[1]  During an oral scheduling conference on July 6, 2009, plaintiffs' counsel, while acknowledging that plaintiff Dr. Hussein had dug a water channel, stated that the channel had not been connected to the ditch previously and unlawfully constructed by the developer/contractor, Mr. Hafner or to the tributary of the Maumee River into which water naturally flowed.

No matter: as I understand the regulations, *no* work – even if it was not completed or would not have functioned as desired – could lawfully be done to alter the flow on the floodplain without prior approval, which plaintiffs did not have.

In any event, I need not strike the statements in the Klag and Thielen affidavits about the requirements of the City Code and state regulations. Defendants do not offer those statements to prove what the law is, but, rather and properly, as evidence of the defendants' understanding of what the law requires, and as a predicate to explain their motivations and actions.

The motions to strike references to the law in the Klag and Thielen affidavits shall, accordingly, be denied. If desired by plaintiffs, I can give a limiting and cautionary instruction to the jury with reference to any statements by the defendants about legal requirements.

2. Thielen Affidavit Alleged Inconsistencies With Deposition Testimony.

Plaintiffs claim that Thielen's affidavit conflicts with his deposition testimony he gave on the same issues in his deposition. During his deposition, Thielen testified that, except for a couple of enumerated Code provisions, he was unaware of any other ordinances permitting the City or an enforcement officer to seek to enforce the sidewalk or floodplain requirements or other administrative provisions.

Plaintiffs claim that Thielen's statements in paragraphs 14-18, in which he references other Code provisions, contradict his deposition testimony and should be stricken.

It is apparent from Thielen's deposition that he believed that he and Klag acted with lawful authority under the City Code and state regulations. That he, for whatever reason – including, as suggested by defendants, his misunderstanding of the gist of the questions being asked on deposition – may not have referenced other provisions does not affect his ability to state what he believed his authority to be. That, according to my understanding, is the pertinence of those portions of his affidavit.

To the extent that I find any material inconsistency between Thielen's deposition testimony and his affidavit [and, perhaps, his testimony at trial, if such occurs] – an issue I do not address here

– plaintiffs may call such inconsistency to the jury's attention. At most, whatever inconsistency exists goes to weight and credibility, not admissibility.

### 3. Hafner Affidavit [Doc. 72].

Defendants seek to exclude statements by Hafner that either Dr. Hussein or stonemasons working on his behalf caused a drainage ditch to be filled in with stones during the period Spring - Fall, 2005. They contend that Hafner's uncertainty about who did the work shows he does not have personal knowledge as to how the ditch was altered and, perforce, must speculate.

For purposes of my consideration of the pending motion for summary judgment, I deem Hafner's statements to be pertinent only insofar as they show the existence of a dispute between him and Dr. Hussein as to who did what work on the floodplain during 2005.

Resolution of that dispute is not necessary, as the record shows that Dr. Hussein himself did some work seeking to alter the topography of the floodplain without a permit. He was, accordingly, not in compliance with Code requirements.

I will not, in any event, consider Hafner's statements as anything more than his assertion that he did not do that work. I will not, in other words, consider them as proof that Dr. Hussein did the work.

### Conclusion

It is, therefore,

ORDERED THAT plaintiffs' motions to strike the affidavits of defendants Klag and Thielen and Hafner [Docs. 70, 71, 72, respectively] be, and the same hereby are overruled, without prejudice.

So ordered.


s/James G. Carr

James G. Carr
Chief Judge